**Dannie SHORT et al., Plaintiffs,**

v.

**FULTON REDEVELOPMENT COMPANY, INC., et al., Defendants.**

**No. 72 Civ. 4135 KTD.**

United States District Court,
S. D. New York.

Jan. 10, 1975.

---

The Legal Aid Society of Westchester County, for plaintiffs; by Martin A. Schwartz, White Plains, N.Y., Mark A. Chertok, Gerald A. Norlander, New York City, of counsel.

Paul J. Curran, U. S. Atty., for defendants United States Dept. of Housing and Urban Development, James T. Lynn and S. William Greene; by William Bronner, Asst. U. S. Atty., of counsel.

Robinson, Silverman, Pearce, Aronsohn, Sand & Berman, New York City, for defendants Fairview Manhattan Associates, David Bogdanoff and Muriel Bogdanoff; by Leonard B. Sand, New York City, of counsel.

Gilberg & Gilberg, Mount Vernon, N. Y., for defendant Fulton Redevelopment Co., Inc.; by David Gilberg, Mount Vernon, N. Y., of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This case was submitted for determination on a "Stipulation of Facts". I will hereinafter summarize the facts but that is done only to assist the reader of this opinion. The facts as found by this Court are solely those set forth in the Stipulation of Facts, Rule 52(b) Federal Rules of Civ.Proc.

The United States Department of Housing and Urban Development, its Secretary and its Regional Administrator (hereinafter referred to as "the federal defendants") operate a mortgage insurance program through the Federal Housing Administration (hereinafter referred to as the "FHA"). Part of this system of mortgage insurance is the so-called Section 221(d)(3) program which is designed to stimulate construction (or rehabilitation) of low and moderate income housing. See 12 U.S.C. § 1715$l$(d)(3).

The defendants Fulton Redevelopment Company and Fairview Manhattan Associates are both redevelopment companies organized pursuant to Article V of the New York Private Housing Finance Law, N.Y.Priv. Housing Finance Law §§ 100–126 (McKinney's Consol.Laws, c. 44B, 1962), as amended (McKinney Supp.1974). Both redevelopment companies are owners of Section 221(d)(3) projects located in Westchester County, New York, on urban renewal project lands.

The plaintiffs are tenants in the defendants' apartment projects. Each of the plaintiffs has been residing in the apartment project pursuant to renewed one year leases in the form suggested by the FHA and each received a notice of termination pursuant to the terms of the lease. The plaintiffs urge that constitutional due process requires adequate notice and a fair hearing before some administrative or judicial tribunal prior

to the termination of or refusal to renew any tenant's lease in such housing projects.

The plaintiffs argument is based on the "pervasive nature" of the involvement by local, state and Federal governments in the building, renting and continuing operation of the defendants' housing projects.

The governmental defendants "concede the substantiality of the past or present public involvement in the economic facilitation of the private apartment projects involved herein." This concession is mandated by the facts as stipulated. The property on which the apartment projects have been erected was obtained by the State (acting through local governments and agencies) and then conveyed to the defendant redevelopment companies at a negotiated price in connection with an Urban Renewal project. The contract of conveyance provided that the property would be partially exempt from local and municipal real estate taxes. A reversion clause is contained in the contract of conveyance which permits the State (through its local agency) to re-enter and reclaim the property if the redeveloper violates the Urban Renewal Plan or the contract of conveyance.

The redeveloper was required to obtain a mortgage under the FHA 221(d) (3) program. Each of the redeveloper defendants did so and in obtaining the mortgage was required to sign a Regulatory Agreement which in effect permits the FHA to control the operations of the redeveloper. Should the redeveloper default on the mortgage, the mortgage may be, at the option of the lender, either foreclosed or assigned to FHA. Even if the mortgage is foreclosed, the property may be conveyed to FHA, which is required to pay the outstanding amount of the mortgage (subject to minor adjustments which are not pertinent here) and accept the property in return.

The rentals of the various apartments are set by FHA and the capital and debt structures of the redevelopers are controlled by the local State agencies and by the FHA. The other facts contained in the Stipulation of Facts show that the concession by the governmental defendants is well founded.

The only issues raised by the governmental defendants concern the extent to which the tenants have a property right in their continuation in their apartments which is protected by the Fifth and Fourteenth Amendments and the proper balance to be struck between the tenant's rights in this privately owned housing project and the governmental and administrative burden which is required to protect that right.

The Second Circuit has recently addressed both of these issues. In Lopez v. Henry Phipps Plaza South, Inc., 498 F.2d 937, at 941 (1974), it held in circumstances quite similar to those present here that there was sufficient government involvement in the housing project to constitute State action and that a tenant had a sufficient property interest in his lease to entitle him to "the same due process requirements with respect to eviction that apply to a municipal housing authority." Id. 498 F.2d at 942. Specifically, the Court found that notice and a hearing conducted by an impartial official were required before a landlord could refuse to renew a tenant's lease. Accord, Joy v. Daniels, 479 F.2d 1236 (4th Cir. 1973).

This case is factually indistinguishable from Lopez. For example, both cases involve redevelopment companies that were created to operate a housing project in an urban renewal area. The housing project in Lopez was similarly subject to an FHA Regulatory Agreement. See Lopez v. Henry Phipps Plaza South, Inc., supra, at 942.

I conclude that the involvement of the Federal, State and local governments in these two housing projects is sufficient to constitute State action under the Fourteenth Amendment and that plaintiffs have a property right in the renewal of their leases such that the due process clause of the Fourteenth Amend-

**520**

ment requires that before their landlord can refuse to renew their leases they must be given notice and an opportunity for a hearing before an impartial decision maker.

A permanent injunction will issue prohibiting the eviction of plaintiffs without compliance with the above procedures.

Settle order on notice.